UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

| | |
|---|---|
| PRESIDENT DONALD J. TRUMP, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN BROADCASTING COMPANIES, INC., a Delaware corporation, ABC NEWS, INC., a Delaware corporation, and GEORGE STEPHANOPOULOS, an individual,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff President Donald J. Trump, by and through his counsel, sues Defendants, American Broadcasting Companies, Inc., ABC News, Inc. and George Stephanopoulos, and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action arising from Defendants' transmission and publication of intentionally false and defamatory statements made to numerous third parties about Plaintiff President Donald J. Trump. More specifically, and as set forth in greater detail below, on Sunday, March 10, 2024, Defendant George Stephanopoulos, during the airing of his weekly television show, *This Week With George Stephanopoulos*, falsely stated on several occasions that Plaintiff had been found liable by multiple juries for the rape of Ms. E. Jean Carroll. These statements were and remain false, and were made by Defendant Stephanopoulos with actual malice or with a reckless disregard for the truth given that Defendant Stephanopoulos knows that these statements are patently and demonstrably false. Indeed, the jury expressly found that Plaintiff *did not commit*

*rape* and, as demonstrated below, Defendant George Stephanopoulos was aware of the jury's finding in this regard yet still falsely stated otherwise.

2. Defendant Stephanopoulos made these defamatory statements, which were communicated and published to third parties, within the scope and course of his employment or contractual relationship with the other defendants with intent to harm Plaintiff given that, *inter alia*, Defendant Stephanopoulos was and is aware of the truth regarding the determinations made by the subject juries, and also because his defamatory statements appear to have been prepared in advance, and were written on notes that he was reading from while making these defamatory statements.

3. Defendants American Broadcasting Companies, Inc. and ABC News, Inc. participated in the publishing of the false and defamatory statements made by Defendant Stephanopoulos and/or otherwise authorized, approved, or consented to Defendant Stephanopoulos making the false and defamatory statements about Plaintiff.

4. Plaintiff has suffered and will continue to suffer harm as a direct result of Defendants' conduct.

## THE PARTIES

5. Plaintiff President Donald J. Trump ("Plaintiff") is a private citizen of the United States, a resident of the state of Florida, the 45th President of the United States of America, and the leading candidate in the 2024 Presidential Election.

6. Defendant American Broadcasting Companies, Inc. ("ABC") is a Delaware corporation with its principal place of business in New York, New York. ABC broadcasts a variety of television shows, including *This Week With George Stephanopoulos*. ABC knowingly or recklessly published numerous false and disparaging statements regarding Plaintiff during *This*

2

*Week With George Stephanopoulos*, and then republished them in a follow up story on its website, ABCNews.com   *See* https://abcnews.go.com/Politics/nancy-mace-defends-support-trump-after-found-liable/story?id=107964612.

7. Defendant ABC News, Inc. ("ABC News") is a division of ABC. ABC News is a Delaware corporation with its principal place of business in New York, New York. ABC News produces a variety of news programs, including *This Week With George Stephanopoulos*, and claims that more people get their news from ABC News than from any other source. ABC News knowingly or recklessly made numerous false and disparaging statements regarding Plaintiff during news programs produced by ABC News, including *This Week With George Stephanopoulos*, and in online reports published by ABC News on www.abcnews.go.com.

8. Defendant George Stephanopoulos ("Stephanopoulos") is a natural person over the age of eighteen, and upon information and belief, is a resident of the state of New York in the County of New York. ABC and ABC News promote Stephanopoulos as a credible source of factual information for viewers and readers. Notwithstanding his reputation and self-promotion, Stephanopoulos knowingly or recklessly made multiple false and disparaging statements regarding Plaintiff during ABC broadcasts.

**JURISDICTION AND VENUE**

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) as the parties are diverse, and the amount in controversy is greater than seventy-five thousand dollars ($75,000).

10. The Court possesses personal jurisdiction over Defendants pursuant to Florida Statute §48.193(2) on the grounds that Defendants, during the operative period alleged in the Complaint, engaged in substantial and not isolated business activities in Florida, and more

specifically in this District. By way of illustration, the Defendants broadcast news programs produced by ABC News, including *This Week With George Stephanopoulos*, regularly within Florida, and ABC News publishes online news reports on www.abcnews.go.com which are regularly read by individuals in Florida.

11.	In addition, this Court possesses personal jurisdiction over Defendants pursuant to: (a) Florida Statute §48.193(1)(a)(1) on the grounds that Defendants ABC and ABC News operate, conduct, engage in, or carry on a business in this state or have an office or agency in this state, (b) Florida Statute §48.193(1)(a)(2) on the grounds that Defendants committed a tortious act in this state (as alleged in this Complaint), and (c) Florida Statute §48.193(1)(a)(6) on the grounds that Defendants caused injury to Plaintiff within this state arising out of an act or omission by Defendants outside this state, while at or about the time of the injury, products, materials, or things processed, serviced, or manufactured by Defendants were used or consumed within this state in the ordinary course of commerce, trade, or use.

12.	Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) and (b)(3) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District by virtue of the transmission and publication of the false and defamatory statements in this district (and elsewhere) and also because Defendants are subject to this Court's personal jurisdiction with respect to this action.

## STATEMENT OF FACTS

### The E. Jean Carroll Litigation Matters

13.	On or about November 4, 2019, writer E. Jean Carroll ("Carroll") filed a single-count complaint for defamation against Plaintiff in the Supreme Court of the State of New York, County of New York (the "NY State Court Complaint").

14. On or about September 8, 2020, the NY State Court Complaint was removed to the United States District Court for the Southern District of New York and such removed action was styled as *Caroll v. Trump, et. al.*, Case No. 1:22-cv-10016-LAK ("*Carroll I*"). *See Carroll I*, Notice of Removal [D.E. 1 and D.E. 6].

15. The cause of action brought by Carroll in the *Carroll I* lawsuit stemmed from an alleged incident that Carroll claims occurred between Carroll and Plaintiff at Bergdorf Goodman, the luxury department store on Fifth Avenue in New York City. *See Carroll I*, Complaint [D.E. 6-1].

16. Plaintiff has consistently and steadfastly denied Carroll's false, fabricated, and defamatory allegations.

17. Carroll alleged that, while she does not remember the date, month, year, or exact decade when the incident she claims occurred, as she was walking out of the department store, she bumped into Plaintiff who requested that she assist him in buying a present for a woman and she agreed. *Id.* at ¶¶ 22-26.

18. Carroll goes on to tell the story of an incident that allegedly occurred on that evening that began as "playful banter" and turned into an "attack that lasted only a few minutes." *Id.* at ¶¶ 2, 29-43.

19. In or around 2019, more than two decades after the alleged incident occurred, Carroll released a book in which she recounted the occurrence. *Id.* ¶¶ 73-80.

20. In response, Plaintiff denied that such incident occurred in three (3) statements released on June 21, 22, and 24, 2019, which form the premise of Carroll's defamation claim in *Carroll I*. *Id.* at ¶¶ 82, 91, 97.

21. On November 24, 2022, Carroll filed a separate lawsuit, which was related to the *Carroll I* lawsuit, wherein she brought claims for battery and defamation against the Plaintiff. *See Carroll v. Trump*, Case No. 1:20-vc-17311-LAK, United States District Court for the Southern District of New York (the "*Carroll II*"), [D.E. 1].

22. The claims brought in the *Carroll II* lawsuit stemmed from the same incident that allegedly took place at Bergdorf Goodman, but Carroll brought an additional claim for battery against the Plaintiff. *Compare Carroll I*, First Amended Complaint [D.E. 157-1] *with Carroll II*, Complaint [D.E. 1].

23. In her battery claim, Carroll alleged that Plaintiff's actions "constitute[d] sexual offenses as defined in Article 130 of the New York Penal Law, including but not limited to rape in the first degree (§ 130.35), rape in the third degree (§ 130.25), sexual abuse in the first degree (§ 130.65), sexual abuse in the third degree (§ 130.55), sexual misconduct (§ 130.20), and forcible touching (§ 130.52)." *Id.* at ¶ 125.

24. Additionally, the defamation claim in the *Carroll II* lawsuit related to a publication made by Plaintiff on October 12, 2022, as opposed to the June 2019 statements that formed the basis of the sole defamation claim in *Carroll I. See Carroll II*, Complaint [D.E. 1], ¶¶ 92, 127-135.

25. The court held a jury trial in the *Carroll II* lawsuit in May, 2023.

26. On May 9, 2023, the jury issued its verdict. *See Carroll II*, Verdict Form [D.E. 174].

27. As to the first count for battery, the jury was expressly asked to render a determination as to whether Plaintiff raped Carroll.

28. The verdict form is clear — the jury determined that Carroll failed to prove her allegation of rape and found Plaintiff ***not liable*** as to that allegation:

> **Battery**
>
> Did Ms. Carroll prove, by a preponderance of the evidence, that
>
> 1. Mr. Trump raped Ms. Carroll?
>
>    YES _____   NO ✓

*Id.*

29. The jury made a finding of sexual assault and, as a result, found for Carroll on the battery claim and the defamation claim. The *Carroll II* verdict is currently the subject to an appeal brought by Plaintiff, styled as *Carroll v. Trump*, Case No. 23-793, United States Court of Appeals for the Second Circuit. See *Carroll II*, Notice of Appeal [D.E. 179].

30. Shortly after the *Carroll II* jury verdict, Carroll sought to amend her complaint in *Carroll I* due to the issuance of the verdict. See *Carroll I*, Motion to Amend/Correct and related filings [D.E. 155, 156, and 157].[1]

31. Notably, in the Amended Complaint, Carroll replaced every mention of "rape" in the initial Complaint [D.E. 6-1] with "sexual assault," given that the *Carroll II* jury **did not** make a finding of rape in its verdict. See *Carroll I*, First Amended Complaint [D.E. 157-1].

32. A jury trial took place on January 18, 2024, January 22, 2024, January 25, 2024, and January 26, 2024, in *Carroll I*.

33. On January 26, 2024, the jury issued its verdict on the single-count complaint for defamation in *Carroll I*, finding in favor of Carroll. See *Carroll I,* Verdict Form [D.E. 280].

---

[1] On or about June 13, 2023, the court entered an Order granting Carroll's motion for leave to amend her complaint and deemed the amended complaint [D.E. 157-1] served and filed as of such date. *See* First New York Action, June 13, 2023, Order [D.E. 169].

34. The verdict in *Carroll I* is currently subject to an appeal brought by Plaintiff, styled as *Carroll v. Trump*, Case No. 24-644, United States Court of Appeals for the Second Circuit. *See Carroll I*, Notice of Appeal [D.E. 316]

35. The *Carroll I* jury undeniably ***did not*** find Plaintiff "liable for rape" given the limited nature of the single defamation claim alleged by Carroll.

36. Neither the *Carroll I* jury, nor the *Carroll II* jury found Plaintiff "liable for rape."

### The George Stephanopoulos Interview

37. On March 10, 2024, at approximately 8:15 AM Eastern Time, Stephanopoulos conducted a live interview of United States Representative Nancy Mace (R-SC) during his "*This Week With George Stephanopoulos*" show on ABC (the "Interview") which lasted approximately ten-minutes.

38. Stephanopoulos opened the segment by playing a video of a speech given by Representative Mace in the South Carolina legislature in which she revealed she was a victim of rape.

39. Immediately after playing the speech, Stephanopoulos questioned how Representative Mace could endorse Plaintiff given that, as Stephanopoulos claimed, Plaintiff had been "found liable for rape."

40. Given that this was the first question of the Interview, combined with the intensity and persistence of the questioning engaged in by Stephanopoulos of an actual rape victim, it was clear that Stephanopoulos maliciously intended to convince his viewers of a falsity, *i.e.* that Plaintiff had been found liable of rape.

41. During the Interview, Representative Mace vehemently objected to tactics being employed by Stephanopoulos, which were beyond the pale and patently offensive.

42. Throughout the Interview, Stephanopoulos wrongfully asserted, as supposed fact, that Plaintiff was "found liable for rape" ***more than ten times*** as follows:

- "You endorsed Donald Trump for president. Judges and two separate juries have found him liable for rape and for defaming the victim of that rape." *See* Ex. A, p. 8.

- "Donald Trump has been found liable for rape by a jury. Donald Trump has been found liable for defaming the victim of that rape by a jury. It's been affirmed by a judge." *Id.*

- "I'm asking you a question about why you endorsed someone who's been found liable for rape." *Id.* at p. 9.

- "It was a civil court that found him liable for rape." *Id.*

- "I'm questioning your political choices because you're supporting someone who's been found liable for rape." *Id.* at p. 10.

- "Why are you supporting someone who's been found liable for rape?" *Id.*

- "They are afraid to come forward, as you said, because they are defamed by those who commit the rape . . . That's what Donald Trump has been found guilty of doing." *Id.* at p. 10.

- "You don't find it offensive that Donald Trump has been found liable for rape?" *Id.* at p. 11.

- "Well, actually, what you're doing is defending a man who has been found liable for rape." *Id.*

- "In fact, it has been shown to be rape. The Judge affirmed that it was, in fact, rape. Donald Trump was found to have committed rape. That's just a fact." *Id.*

- "You're comfortable with Donald Trump being found liable for rape." *Id.* at p. 13.

- ". . . even though he's been found liable for rape." *Id.* at p. 13.

43. Given the actual language and findings of the jury verdicts rendered in *Caroll I* and *Carroll II*, Stephanopoulos' numerous statements that Plaintiff has been "found liable for rape" were false and defamatory statements.

44. These defamatory statements were seen and heard by millions of viewers through television, the internet, and social media platforms.

45. Stephanopoulos was clearly aware of the juries' verdicts and was clearly aware that both the *Carroll I* and *Carroll II* juries had not found Plaintiff liable for rape.

46. Just five weeks ago, during the February 4, 2024, airing of his *This Week* show, Stephanopoulos stated that "most recently, this E. Jean Carroll case where juries have found him liable for sexual assault and defamation" and "these were juries that found him liable for sexual assault and defamation."[2]

47. Moreover, on a segment on *Good Morning America* that aired on May 10, 2023, Stephanopoulos interviewed Carroll after the verdict was rendered in *Carroll II*.

48. During that *Good Morning America* interview, the banner broadcasted during the interview read "Former President Found Liable for Sexual Abuse & Defamation" and ABC thereafter posted a clip of the interview on its website, which stated: "Longtime advice columnist E. Jean Carroll said she feels 'fantastic' one day after a jury found former President Donald Trump liable for battery and defamation in her lawsuit against him."[3]

49. Of particular note, Stephanopoulos specifically asked Carroll "How about yesterday in the courtroom, the first, the first announcement was made, and it was that he was ***not found liable for rape***.  What were you thinking at that moment?" (emphasis added).

---

[2]     https://abcnews.go.com/ThisWeek/video/jean-carroll-ruling-trump-off-ballot-jd-vance-106933004

[3]     https://www.goodmorningamerica.com/news/story/e-jean-carroll-talks-court-victory-trump-99219457

50. Given Stephanopoulos' knowledge of the actual verdicts in *Carroll I* and *Carroll II* and given his vast experience as a journalist, his repeated statements that Plaintiff was found liable for rape were false, intentional, malicious and designed to cause harm.

51. Stephanopoulos knew that his statements about Plaintiff were false yet made them in any event.

52. After the Interview aired, Plaintiff's representatives contacted Defendants seeking a retraction of the false and defamatory statements made during the Interview as well as an apology for making the false and defamatory statements.

53. Defendants did not issue an apology, did not issue a retraction, and did not direct or request that Stephanopoulos correct the various defamatory and false statements he made during his show.

54. Rather, instead of removing the Interview from its media presence and issuing a public statement correcting Stephanopoulos' false and defamatory statements, ABC instead modified the headline of a related article from "Nancy Mace defends her support for Trump after he was found liable for rape" to "Nancy Mace defends her support for Trump after he was found liable for sexual assault."[4]

55. The article, itself, however, continues to reference Stephanopoulos' false statements through the entirety of the "revised" article.

56. Accordingly, any action taken by ABC did not appropriately correct or address the misleading statements made by Stephanopoulos during the Interview, and instead republished the defamatory statements and exacerbated the injury.

---

[4] https://abcnews.go.com/Politics/nancy-mace-defends-support-trump-after-found-liable/story?id=107964612

*The Aftermath of the George Stephanopoulos Interview*

57. Since making such false, malicious, and defamatory statements, many news and press outlets have continued to quote Stephanopoulos by wrongfully broadcasting that Plaintiff was found liable for rape.

58. For example (as depicted by the screenshot below), following the Interview, journalist Aaron Rupar ("Rupar"), who is known for his presence on social media platform X (formerly Twitter), and who maintains a website called "Public Notice," wherein he covers politics and media, publicly defended Stephanopoulos' position and praised him for "holding his ground" during the Interview.



59. Rupar's, among many others', endorsement of Stephanopoulos' false and defamatory statements further propagated the misinformation. The above-referenced post depicts the first post of a total of five posts (the "First Post") contained in Rupar's thread relating to the Interview (the "Thread"). The First Post was viewed more than 7.6 million times, and was reposted upwards of 5,400 times, demonstrating the significant reach and impact of Stephanopoulos' false statements when his statements are taken at face value.

60. Additionally, the Thread contains the following posts related to the Interview, which were collectively reposted thousands of times.

61. One post was reposted upwards of 1,100 times (the "Second Post") as depicted by the following screenshot in which Rupar quotes Stephanopoulos as follows: "Why are you supporting someone who has been find [sic] liable for rape?"



62. Another post contained in the Thread was reposted upwards of 1,400 times (the "Third Post"), in which Rupar quotes Stephanopoulos as follows: "Well, actually, what you're doing is defending a man who has been found liable for rape. I don't understand how you can do that."



63. Another post contained in the Thread was reposted upwards of 1,300 times as depicted in the following screenshot (the "Fourth Post"):



64. A fifth post (as depicted below) was reposted upwards of 770 times in which Stephanopoulos is quoted stating as follows (the "Fifth Post"): "So you're comfortable supporting Trump even though he was found liable for rape."



65. Importantly, Rupar's decision to selectively repost quotes made by Stephanopoulos from the Interview, explicitly and falsely stating that Plaintiff had been found liable for rape, further evidences the widespread impact of false information initiated by Stephanopoulos' defamatory remarks.

66. Mediaite News also published an article shortly after the release of the Interview with the headline "FIREWORKS! George Stephanopoulos Battles Nancy Mace in Explosive Showdown About Her Backing Trump—Despite Jury Finding He's Liable for Rape."[5]

67. Relying on the exchange during the Interview, Mediaite News incorrectly published that "a civil jury found [Plaintiff] liable of rape, a judge ruled" and that "Mace [took] offense in Stephanopoulos asking why she is supporting a man who, a judge ruled, was found to be liable of rape by a civil jury."

68. The Daily Beast, relying on the defamatory statements made by Stephanopoulos, also quoted the many times Stephanopoulos falsely repeated that Plaintiff was found liable for rape and described the exchange as Stephanopoulos "questioning how [Mace] could endorse [Plaintiff] whom a jury found liable for the rape of writer E. Jean Carroll."[6]

---

[5] https://www.mediaite.com/news/fireworks-george-stephanopoulos-battles-nancy-mace-in-explosive-showdown-about-her-backing-trump-despite-jury-finding-hes-liable-for-rape

[6] https://www.thedailybeast.com/nancy-mace-blows-up-at-george-stephanopoulos-over-trump-rape-case

69. On a March 11, 2024, *Morning Joe* segment, MSNBC covered the Interview and replayed a portion of the Interview during its broadcast wherein Stephanopoulos repeatedly falsely says that Plaintiff was found liable of rape by a jury.[7]

70. Daily KOS released a story wherein it stated that Plaintiff "has been found liable for rape and defamation in civil courts," in the aftermath of Stephanopoulos' defamatory statements in the Interview.[8]

71. Shannon Watts, a political activist and the founder of Moms Demand Action For Gun Sense in America, published a social media post on X wherein she reposted a post published by Mace and incorrectly stated that Plaintiff was "a rapist for President."[9]

72. The above-referenced articles and publication are only a fraction of the media posts and articles that have surfaced since the release of the Interview.

73. Stephanopoulos' false, defamatory, and misleading statements about Plaintiff immediately spread like wildfire, as numerous third parties and media outlets repeated and reposted them to countless viewers.

74. All of the above-referenced articles, posts, and statements have resulted in damages to Plaintiff due to the false and misleading statements made during the Interview and in subsequent reporting by Defendants and other outlets.

75. All conditions precedent to the bringing of this action have occurred, been satisfied, or have otherwise been waived.

---

[7] https://www.youtube.com/watch?v=Z_UKF9HVRs0

[8] https://www.dailykos.com/stories/2024/3/10/2228672/-George-Stephanopoulos-destroys-Trump-endorsing-SC-Rep-Nancy-Grace-with-her-own-words-in-epic-form#comments

[9] https://twitter.com/shannonrwatts/status/1767148228305154413

76. As a result of the Defendants' wrongful conduct, described herein, and Plaintiff's need to protect and enforce his legal rights, Plaintiff has retained the undersigned attorneys, and is required to pay attorneys' fees in order to prosecute this action.

## CAUSES OF ACTION

## COUNT I – DEFAMATION PER SE

77. Plaintiff repeats and realleges the allegations contained within paragraphs 1 through 76, *supra*, as if set forth herein.

78. The unprivileged statements made by Defendants to others about Plaintiff are false and defamatory.

79. At the time such statements were made by Defendants, Defendants knew or should have known that they were false and defamatory.

80. Defendants published such statements negligently, with knowledge of the falsity of the statements, and/or with reckless disregard of their truth or falsity.

81. Numerous people actually read and/or heard the false and defamatory statements.

82. The statements were not privileged.

83. The statements were published by Defendants with actual malice, oppression, and fraud in that they were aware at the time of the falsity of the publication and thus, made said publications in bad faith, out of hatred and ill-will directed towards Plaintiff without any regard for the truth.

84. Defendants possessed information and had access to information that showed their statements were false.

85. Defendants also made statements for which they had no factual basis.

86. Moreover, the statements tend to so harm the reputation of Plaintiff as to lower his professional reputation in the community or deter third persons from associating or dealing with him and, as such, constitute defamation *per se*.

87. As a proximate result of the maliciously false and defamatory publication of statements to third parties by Defendants, Plaintiff has been damaged.

88. Because Defendants' defamatory statements constitute intentional acts which were made with actual malice towards Plaintiff, Plaintiff seeks an award for punitive damages.

**WHEREFORE**, Plaintiff PRESIDENT DONALD J. TRUMP demands judgment against Defendants American Broadcasting Companies, Inc., ABC News, Inc. and George Stephanopoulos for damages, punitive damages, court costs, and such other relief as the Court deems just and proper.

## COUNT II – DEFAMATION PER QUOD

89. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 76, *supra*, as if fully set forth herein.

90. The unprivileged statements made by Defendants to others about Plaintiff are false and defamatory.

91. At the time such statements were made by Defendants, Defendants knew or should have known that they were false and defamatory.

92. Defendants published such statements negligently, with knowledge of the falsity of the statements, and/or with reckless disregard of their truth or falsity.

93. The statements were not privileged.

94. The statements were published by Defendants with actual malice, oppression and fraud in that they were aware at the time of the falsity of the publication and thus, made said

publications in bad faith, out of hatred and ill-will directed towards Plaintiff without any regard for the truth.

95. Moreover, the statements tend to so harm the reputation of Plaintiff as to lower his professional reputation in the community or deter third persons from associating or dealing with him.

96. As a proximate result of the false and defamatory publication of statements to third parties by Defendants, Plaintiff has been damaged.

97. Because Defendants' defamatory statements constitute intentional acts which were made with actual malice towards Plaintiff, Plaintiff seeks an award for punitive damages.

**WHEREFORE,** Plaintiff PRESIDENT DONALD J. TRUMP demands judgment against Defendants American Broadcasting Companies, Inc., ABC News, Inc. and George Stephanopoulos for damages, punitive damages, court costs, and such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial as to all issues so triable.

Date: March 18, 2024

Respectfully submitted,

**BRITO, PLLC**
2121 Ponce de Leon Boulevard
Suite 650
Coral Gables, FL 33134
Office: 305-614-4071
Fax: 305-440-4385

By: /s/ *Alejandro Brito*
**ALEJANDRO BRITO**
Florida Bar No. 098442
Primary: abrito@britopllc.com
Secondary: apiriou@britopllc.com