UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Case Number 24-cv-21050-CMA**

PRESIDENT DONALD J. TRUMP, an individual,

           Plaintiff,

  v.

AMERICAN BROADCASTING COMPANIES, *et al.*

           Defendants.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

**INTRODUCTION**

Plaintiff's Opposition begins by asserting that "this case is not about the difference [if any] between rape and sexual battery." Opp. at 2. In fact, that is exactly what it is about. This case should be dismissed because: (1) all of the challenged Statements are substantially true, given that there is no material difference between rape and sexual assault for purposes of defamation; and (2) Plaintiff is collaterally estopped from arguing otherwise, because the Southern District of New York twice decided this very question to Plaintiff's detriment in prior litigation. The remainder of Plaintiff's Opposition is little more than an effort to distract from these core dispositive points.

In an effort to avoid dismissal of his claims on collateral estoppel grounds, Plaintiff argues that this Court cannot consider the documents attached to Defendants' Motion, including court records reflecting Judge Lewis Kaplan's findings that the jury in *Carroll II* found Plaintiff liable for "rape." As explained below, however, this Court may consider these documents because they are judicially noticeable and are incorporated by reference in the Complaint. And once it considers those documents, this Court can readily dismiss the Complaint on collateral estoppel grounds because the Southern District of New York definitively decided a dispositive issue in this case to

1

Plaintiff's detriment. The fact that Defendants were not parties to the *Carroll* cases is irrelevant: New York law does not require mutuality between the parties for collateral estoppel to apply.

Turning to the merits, this Court can, as many other courts have, determine the issue of substantial truth on a 12(b)(6) motion because all the relevant facts are already before it. Plaintiff's arguments merely reinforce why there is a line of cases holding that the "gist" and "sting" of terms like "rape" and "sexual assault" are materially the same. The Court should also dismiss the Complaint on the basis of the fair report privilege for much the same reasons. Finally, Plaintiff's use of his opposition brief to request leave to amend is procedurally improper, and any amendment would be futile. Ultimately, regardless of which avenue (or avenues) this Court takes – collateral estoppel, substantial truth or fair report – all roads lead to dismissal. Defendants therefore respectfully request that the Court dismiss the Complaint with prejudice.

## ARGUMENT

**I.    THIS COURT MAY CONSIDER THE EXHIBITS ATTACHED TO DEFENDANTS' MOTION TO DISMISS.**

Plaintiff first contends that this Court may not consider court records from the *Carroll* Litigations, including specifically (1) his *Carroll I* defamation counterclaim against Ms. Carroll and (2) the parties' briefs regarding Ms. Carroll's motion to dismiss that counterclaim. *See* Opp. at 5-6. Plaintiff is wrong. It is well-settled that courts may take judicial notice of court records without converting a Rule 12(b)(6) motion into one for summary judgment. *See Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1075 n.9 (11th Cir. 2013) (citations omitted) ("Although this matter is before the court on a motion to dismiss, we may take judicial notice of the court documents"); *Sprengle v. Smith Maritime Inc.*, 660 F. Supp. 3d 1337, 1351-52 (M.D. Fla. 2023) (judicial notice of court records can be taken to establish "the fact of such litigation, the record's existence, and the record's content."). Indeed, taking judicial notice of such records is "routine." *Baker v. Sepich*, No. 18-CV-81595, 2021 WL 5768069, at *3 (S.D. Fla. Oct. 28, 2021), *aff'd,* No. 21-14145, 2022 WL 4594318 (11th Cir. Sept. 30, 2022).[1]

---

[1] Plaintiff does not (and cannot) object to this Court considering Judge Kaplan's July 2023 and August 2023 published opinions in the *Carroll* litigations. Given those opinions, it is not even necessary for the Court to consider anything else for purposes of this motion. Defendants submitted two other filings from the *Carroll* litigations primarily to establish that Plaintiff had a full and fair opportunity in New York to litigate the question of "what the jury found." *See* Siegel Decl. Exs. 5 & 6, D.E. 25-5, 25-6. But Plaintiff's Opposition does not appear to dispute that

**II.     PLAINTIFF'S DEFAMATION CLAIMS SHOULD BE DISMISSED.**

   **A.     Plaintiff Is Collaterally Estopped From Re-Litigating the Substantial Truth of the Allegedly Defamatory Statements.**

Plaintiff offers various arguments, both procedural and substantive, as to why the defense of collateral estoppel does not apply here. None have any merit.

First, much like his objections to considering Defendants' exhibits, Plaintiff argues that the affirmative defense of collateral estoppel may not be resolved on a Rule 12(b)(6) motion unless it appears "on the face of the Complaint." Opp. at 7. However, court records are subject to judicial notice, so for purposes of assessing collateral estoppel the "face of the complaint" includes records from the relevant prior judicial proceeding(s). *Harrel v. Bank of America*, 813 Fed. App'x. 397, 400 (11th Cir. 2020 (granting motion to dismiss on collateral estoppel grounds because "[i]n making this determination, we may consider documents attached to the complaint and take judicial notice of state and federal court records of prior proceedings."); *Madura v. Bank of Am., N.A.*, 767 F. App'x 868, 871-72 (11th Cir. 2019) (affirming dismissal based on collateral estoppel); *see also Vital Pharms. v. PepsiCo, Inc.*, 528 F. Supp. 3d 1295, 1299 (S.D. Fla. 2021) (citation omitted).[2] In fact, as noted in Defendants' opening Memorandum, Plaintiff himself has secured dismissal of a defamation claim on a Rule 12(b)(6) motion on the basis of collateral estoppel. D.E. 24 at 13.

Next, Plaintiff argues that the "facts and issues" in the *Carroll* litigation are not identical to those presented here, but rather are "markedly different." Opp. at 9-11. Plaintiff offers two arguments to support that contention. Neither has any merit.

---

element of collateral estoppel. Finally, while this Court may also take judicial notice of newspaper articles, *see Beckel v. Fagron Holding USA, LLC*, No. 8:16-CV-2059-T-23AAS, 2017 WL 3730395, at *2 (M.D. Fla. June 30, 2017), Defendants agree with Plaintiff that this Motion may be decided without considering the *Washington Post* article.

[2] Not only are these court records judicially noticeable, they are also incorporated by reference into the Complaint, which contains multiple allegations charting the court of the *Carroll* litigations and specifically refers to roughly ten filings in those cases. *See* Compl. ¶¶ 13-36. Having placed those litigations "at the very heart" of his defamation claims, Plaintiff may not then cherry-pick which particular filings in those cases this Court may consider on a Rule 12(b)(6) motion. *Madura*, 767 F. App'x at 870 ("The [Plaintiffs] cannot use their litigation history as both the basis for their instant claims and the reason the district court cannot review those claims" on a motion to dismiss).

3

First, Plaintiff claims that collateral estoppel does not apply because he could not have sued Defendants in his *Carroll I* defamation counterclaim. Opp at 10. That misstates the law of collateral estoppel, which is about identity of *issues*—not parties. Plaintiff's sole case for this proposition is *Pentagen Tech. Int'l, Ltd. v. CACI International, Inc.*, Nos. 93 Civ. 8512, 94 Civ. 0441, and 94 Civ. 8164 (MBM), 1996 WL 435157, at *7 (S.D.N.Y. Aug. 2, 1996), which is about *res judicata* — *not* collateral estoppel. Unlike *res judicata*, under New York law, collateral estoppel does *not* require any identity of parties between the two actions. *See Carino v. Town of Deerfield (Oneida Cnty., N.Y.)*, 750 F. Supp. 1156, 1170 (N.D.N.Y. 1990) ("Mutuality of parties is not required for application of the doctrine of collateral estoppel."), *aff'd sub nom. Carino v. Town of Deerfield*, 940 F.2d 649 (2d Cir. 1991); *see also Swiatkowski v. Citibank*, 745 F. Supp. 2d 150, 169 (E.D.N.Y. 2010) ("Collateral estoppel generally does not include a requirement that the parties against whom plaintiffs litigated in the prior proceeding be the same parties they litigate against in the current proceeding."), *aff'd,* 446 F. App'x 360 (2d Cir. 2011).

Second, Plaintiff contends that this case is about "what the jury found" in *Carroll II*, while his *Carroll I* counterclaim was premised on Ms. Carroll's "belief" about what happened. Opp. at 10. But this is mere rhetorical sophistry – one could just as readily flip that description to characterize this case as being about what Mr. Stephanopoulos "believed" the jury had found and the other to be about what Ms. Carroll said actually happened. What is relevant for purposes of collateral estoppel is not how the parties' counsel rhetorically frame their arguments, but rather whether the *issue* is presented in this case is identical to that in either or both of the *Carroll* cases.

On that crucial point, Plaintiff offers no meaningful response. Nor could he. Both of the relevant decisions in the *Carroll* litigations, like this case, turn specifically on "what the jury found" in *Carroll II.* With respect to Plaintiff's defamation counterclaim in *Carroll I*, Judge Kaplan held that the jury's "finding on the sexual abuse question – and specifically its implicit determination that Mr. Trump digitally raped her – is *conclusive* with respect to this case. As a result, Ms. Carroll's statements are 'substantially true.'" *Carroll*, 685 F. Supp. 3d at 277 (emphasis added). Likewise, in *Carroll II*, Judge Kaplan sustained the jury's damages award solely based on "the jury's implicit finding that Mr. Trump digitally raped Ms. Carroll." *Carroll v. Trump*, 683 F. Supp. 3d 302, 327 (S.D.N.Y. 2023). Either finding would suffice to estop Plaintiff from re-litigating here the issue of "what the jury found" in *Carroll II* – specifically, that it found him liable for rape. Thus, because it has already been determined that it is substantially true that the jury

4

found Plaintiff liable for rape – and indeed that Plaintiff therefore committed rape – he is collaterally estopped from pursuing in this Court the defamation claims alleged in the Complaint.

Finally, Plaintiff argues that even if the issues are identical, collateral estoppel does not apply because Judge Kaplan's rulings on the *Carroll II* jury verdict constituted mere "dicta" and "passing comments." Opp. at 11. Here too, Plaintiff's sole support is another rhetorical sleight of hand. He asserts that the New York court stated that "the jury's answer to the *rape* question" was "'unnecessary and immaterial' *to its decision on Plaintiff's counterclaim*." Opp. at 12 (emphasis added). Plaintiff misrepresents Judge Kaplan's holding. As noted above, Judge Kaplan specifically found that the jury's finding regarding *sexual abuse* was *conclusive* for purposes of dismissing Mr. Trump's defamation counterclaim, because it reflected a finding of digital rape. *See Carroll*, 685 F. Supp. 3d at 277. Thus, Judge Kaplan's ruling that the jury's finding of sexual abuse constituted a finding of "rape" was neither *dicta* nor unnecessary. Rather, it was the sole basis for his "decision on Plaintiff's counterclaim," Opp. at 12.[3]

In short, all the elements of collateral estoppel are met and Defendants' Motion to Dismiss should be granted.

### B. The Statements at Issue Are Substantially True.

Even if Plaintiff were not collaterally estopped from re-litigating whether it is substantially true that that the jury found him liable for rape, it would make no difference because it *is* substantially true.

In his Opposition, Plaintiff first claims that substantial truth cannot be determined on a motion to dismiss. *See* Opp. at 14. But that claim is refuted by numerous cases in this jurisdiction (and others) where courts have granted motions to dismiss defamation claims on the ground of substantial truth. *See, e.g., Turner v. Wells*, 879 F.3d 1254, 1267 (11th Cir. 2018) (affirming dismissal with respect to one alleged statement because it was true); *Koly v. Enney*, 269 F. App'x.

---

[3] What Judge Kaplan held was "unnecessary and immaterial," Opp. at 12, was the fact that in addition to finding Plaintiff liable for sexual abuse, the jury also answered "no" to the New York Penal Law rape question. That fact was "unnecessary and immaterial" to support the judgment for *Ms. Carroll* on her sexual battery claim in *Carroll II* – but not unnecessary and immaterial to the judgment dismissing Plaintiff's defamation counterclaim in *Carroll I*. *See Carroll*, 685 F.Supp. 3d at 275-76. It was unnecessary to support a judgment for sexual abuse precisely because the jury's finding of sexual abuse was based on its conclusion that Plaintiff's unconsented to digital penetration of Ms. Carroll's vagina was a forcible act, which was alone sufficient to support that judgment. *Id.*

5

861, 865 (11th Cir. 2008) (affirming motion for judgment on the pleadings because statements were "substantially true"); *Clowdus v. Am. Airlines, Inc*., No. 1:21-CV-23155-KMM, 2022 WL 18458134, at *3 (S.D. Fla. Oct. 12, 2022) (statement was "not 'substantially and materially false' and cannot support a defamation per se claim."), *aff'd,* No. 22-14053, 2023 WL 5011731 (11th Cir. Aug. 7, 2023); *Jeter v. McKeithen*, No. 5:14-CV-00189-RS-EMT, 2014 WL 4996247, at *3 (N.D. Fla. Oct. 7, 2014) (granting motion to dismiss based on substantial truth).

Indeed, substantial truth is particularly susceptible to resolution on a motion to dismiss where, as here, the challenged statements characterize records that are subject to judicial notice. *See, e.g., Marder v. TEGNA, Inc.,* No. 19-81283-CIV-SMITH, 2020 WL 3496447, at *3 (S.D. Fl., June 29, 2020) (dismissing complaint on substantial truth because "[t]he publications say what they say and the documents submitted by Defendants say what they say."); *Markle v. Markle*, No. 8:22-CV-511-CEH-TGW, 2024 WL 1075339, at *12 (M.D. Fla. Mar. 12, 2024) ("Based on the [court records] that have been judicially noticed in this case, this claim must be dismissed based on the substantial truth doctrine…"), *appeal filed,* No. 24-11091 (11th Cir. Apr. 9, 2024). Tellingly, Plaintiff does not point to a single fact from any potential discovery in this case, let alone any trial, that could shed additional light on comparing the "gist" or "sting" of Mr. Stephanopoulos' statements with the "gist" or "sting" of the *Carroll II* jury's verdict and Judge Kaplan's post-trial opinions.

Likewise, Plaintiff's efforts at distinguishing the unbroken line of cases finding that the use of the word "rape" to be synonymous with "sexual assault" are not only unavailing, they reinforce why dismissal is warranted here. First, contrary to Plaintiff's suggestion, almost all those cases were decided either on a motion to dismiss, or on summary judgment motions that under current federal practice could be filed as motions to dismiss because (like here) they relied entirely on court records, not the fruits of discovery.[4]  Second, Plaintiff once again tries to distinguish some

---

[4] *See Carroll*, 685 F. Supp. 3d at 277 (granting motion to dismiss); *Moore v. Lowe*, 591 F. Supp. 3d 1087, 1109 (N.D. Ala. 2022), *appeal dismissed*, No. 22-13187, 2024 WL 227897 (11th Cir. Jan. 22, 2024) (granting motion to dismiss); *Nanji v. National Geographic Soc.*, 403 F. Supp. 2d 425, 432 (D. Md. 2005) (granting motion to dismiss); *see also Clark v. Clark*, Civ. A No. 93-47-CA, 1993 WL 528464 (Fla. 4th Cir. Ct. June 22, 1993) (granting pre-discovery motion filed as motion to dismiss or for summary judgment), *aff'd* 641 So.2d 866 (1st DCA 1994); *Simonson v. United Press, Intern., Inc.*, 654 F.2d 478, 481-82 (7th Cir. 1981) (summary judgment on substantial truth granted solely on the basis of comparing defendants' statements and court records).

of those cases by mischaracterizing them. For example, he claims that *Moore v. Lowe* is distinguishable. But the actual issue in *Moore* was whether there was any material difference between alleged "forced vaginal sex" and "forced oral sex." The *Moore* court held on a motion to dismiss that there was no material difference, because the "gist" of both allegations concerned a "forced sexual act." *Moore*, 591 F. Supp. 3d at 1109. That is exactly the scenario presented here.

*Moore* starkly illustrates the fundamental flaw in Plaintiff's contention that this case is about "[t]he difference between being labeled a rapist and an individual who was found not liable for committing rape." Opp. at 16. As *Moore* made clear, the dispositive issue is actually whether in laymen's terms a material difference exists between being described as a perpetrator of rape and a perpetrator of forcible sexual assault. There is not and a news reporter does not need to hew to technical legal distinctions. *See Rasmussen v. Collier Couty Pub. Co.*, 946 So. 2d 567, 570 (Fla. 2d DCA 2006) ("[i]n conveying news and comment . . . [journalists] need not describe legal proceedings in technically precise language."). As case after case has made clear, any technical legal distinctions between those two terms does not render either characterization materially false.

In fact, Plaintiff's hyper-technical logic is not only misguided legally, it is also self-defeating. He contends that Mr. Stephanopoulos' statements are actionable because "Plaintiff has never been found liable by a jury for raping Carroll, as that term has been defined in the New York Penal Code." Opp. at 2. But Mr. Stephanopoulos never said that Mr. Trump was found liable for rape "as that term has been defined in the New York Penal Code."

Finally, it is telling that the two cases Plaintiff's Opposition never addresses on the merits, let alone tries to distinguish, are Judge Kaplan's July 19 and August 7 opinions in the *Carroll* litigations. Those decisions, both directly on point, would alone support this Court granting Defendants' Motion to Dismiss on the ground that Mr. Stephanopoulos's statements were substantially true.

### C. The Fair Report Privilege Requires Dismissal.

Plaintiff's arguments regarding the fair report privilege fare no better than his arguments about substantial truth. He does not dispute that Mr. Stephanopoulos was describing legal proceedings. Nor does he dispute that the applicable legal standard for the privilege is much like the test for substantial truth. "Accuracy" for purpose of the privilege means "a substantially correct account" and lay journalists need not be "technically precise in discussing legal proceedings." *Larreal v. Telemundo of Fla., LLC*, 489 F. Supp. 3d 1309, 1319 (S.D. Fla. 2020).

7

Instead, Plaintiff rehashes his contention that Mr. Stephanopoulos's statements were inaccurate and "omitt[ed] critical details and context." Opp. at 18. Even on its face, this argument does not pass muster. The fair report privilege's bar for "fair and accurate" does not require the inclusion of facts that might paint Plaintiff "in a more favorable light." *Larreal*, 489 F. Supp. 3d at 1319–20 (citing *Folta v. N.Y. Times Co.*, No. 1:17cv246, 2019 WL 1486776, at *4 (N.D. Fla. Feb. 27, 2019)). And Mr. Stephanopoulos's reporting does not lose its privileged status simply because Plaintiff contends it "omit[ted] pertinent information." *Barbuto v. Miami Herald Media Co.*, No. 21-cv-20608, 2022 WL 123906, at *6 (S.D. Fla. Jan. 13, 2022).

Nor do Plaintiff's arguments fare any better as applied to the actual record here. To the contrary, the full "context" of Mr. Stephanopoulos's statements was that a jury found Plaintiff liable for rape and that a judge affirmed that verdict. Mr. Stephanopoulos even showed a newspaper headline to reinforce that point. Even if Judge Kaplan had never issued any rulings, the fair report privilege would still protect Mr. Stephanopoulos's characterization of the jury verdict for the same reasons that it is substantially true. But given Judge Kaplan's rulings, Mr. Stephanopoulos's statements were more than just "substantially correct," *Larreal*, 489 F. Supp. 3d at 1319—they were *literally* accurate. Mr. Stephanopoulos was, in essence, merely repeating what Judge Kaplan had twice determined was the outcome of the *Carroll II* trial.[5]

Finally, Plaintiff repeatedly asserts that Mr. Stephanopoulos stated that Plaintiff was found liable by "multiple" juries for rape. Opp. at 2, 3, 10, 18. As set forth in Defendants' opening Memorandum, the context of the entire ten-minute interview negates that claim, reflecting that Mr. Stephanopoulos is succinctly summarizing the outcome of the *Carroll* litigations. D.E. 24 at 15. n.8. Even if that were not so, the assertion that a person who has been found liable for rape could somehow be defamed solely by reference to the number of juries involved fails any possible standard – be it legal, ethical, or the test of common sense. *Id.*

---

[5] Plaintiff also contends that on May 10, 2023, Mr. Stephanopoulos previously reported that Mr. Trump "**was not** found liable for rape," but that he "changed his story during his March 10, 2024 Segment." Opp. at 18. To the contrary, if anything the two segments demonstrate that Mr. Stephanopoulos strove to be literally accurate, which is a higher journalistic standard than the law requires. In May 2023, Mr. Stephanopoulos's statement was literally accurate because Judge Kaplan had not yet addressed the meaning of the jury's verdict. Once he did, Mr. Stephanopoulos's March 2024 statements were a literally accurate summation of the proceedings at that point in time.

Defendants' Motion to Dismiss should therefore be granted on the basis of the fair report privilege as well.

### III. PLAINTIFF'S REQUEST FOR LEAVE TO AMEND SHOULD BE DENIED.

Finally, Plaintiff's request for leave to amend should be denied. First, the request is procedurally defective. A request for leave to amend is not properly raised if, as here, it is brought via an opposition brief, instead of a motion for leave to amend. *See Newton v. Florida*, 895 F.3d 1270, 1277-78 (11th Cir. 2018); *Avena v. Imperial Salon & Spa, Inc.*, 740 F. App'x 679, 683 (11th Cir. 2018). Plaintiff's request should be denied for this reason alone.

Second, even if Plaintiff had properly raised his request, it should be denied on the merits. Plaintiff vaguely proposes to amend his Complaint to "flesh out the differences between the *Carroll* cases and the instant case to demonstrate why Stephanopoulos' statements during the Segment are untrue and are not protective [sic] by the fair report privilege." Opp. at 19. Plaintiff does not offer even a single example of what "differences" remain to be "fleshed out." *See Avena*, 740 F. App'x at 683 (request for leave to amend was properly denied where it "neither contained a proposed amendment, nor did it elaborate on the substance of the proposed amendment."). That is because the reasons Plaintiff's Complaint requires dismissal are substantive, not curable matters of defective pleading. No additional allegations could change the *Carroll* jury verdict, Judge Kaplan's rulings, or Mr. Stephanopoulos's words. Rather, leave to amend would only serve to unnecessarily prolong this case. The request should therefore be denied. *See Madura*, 767 F. App'x at 873 (holding that amendment would be futile because claims were precluded by the doctrine of collateral estoppel); *see also Dysart v. BankTrust*, 516 F. App'x 861, 865 (11th Cir. 2013) (affirming dismissal) (citations omitted) ("denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal").

### CONCLUSION

For the reasons above and set forth in their opening Memorandum, Defendants respectfully request that the Complaint be dismissed with prejudice.

Dated: May 31, 2024

Respectfully Submitted,

| | |
|---|---|
| **DAVIS WRIGHT TREMAINE LLP** | **SHULLMAN FUGATE PLLC** |
| */s/ Nathan Siegel* | */s/ Rachel E. Fugate* |
| Nathan Siegel (*pro hac vice*) | Rachel E. Fugate (Florida Bar No. 144029) |
| 1301 K Street NW, Suite 500 | rfugate@shullmanfugate.com |
| Washington, DC 20005 | Minch Minchin (Florida Bar No. 1015950) |
| Phone: 202-973-4237 | mminchin@shullmanfugate.com |
| Email: nathansiegel@dwt.com | 2101 Vista Parkway Suite 4006 |
| | West Palm Beach, Florida 33411 |
| Elizabeth A. McNamara (*pro hac vice*) | (813) 935-5098 |
| 1251 Avenue of the Americas, 21st Floor | |
| New York, NY 10020 | |
| Phone: (212) 489-8230 | |
| Email: lizmcnamara@dwt.com | |

*Attorneys for Defendants American Broadcasting Companies, Inc., ABC News, Inc., and George Stephanopoulos*