UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Case Number 24-cv-21050-CMA**

PRESIDENT DONALD J. TRUMP, an individual,

        Plaintiff,

v.

AMERICAN BROADCASTING COMPANIES, *et al.*

        Defendants.

**DEFENDANTS AMERICAN BROADCASTING COMPANIES, INC., ABC NEWS, INC., AND GEORGE STEPHANOPOULOS' ANSWER AND DEFENSES TO COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12(a)(4), Defendants American Broadcasting Companies, Inc. ("ABC"), ABC News, Inc. ("ABC News"), and George Stephanopoulos ("Mr. Stephanopoulos") (together, "Defendants") hereby answer Plaintiff Donald J. Trump's ("Plaintiff") Complaint ("Complaint") in numbered paragraphs corresponding to the numbered paragraphs of the Complaint as follows:

**RESPONSE TO NATURE OF THE ACTION**

1.    Defendants admit that this case purports to arise from statements made by Mr. Stephanopoulos on March 10, 2024 during the airing of his weekly television program *This Week with George Stephanopoulos* (the "Segment"), available at https://abcnews.go.com/Politics/nancy-mace-defends-support-trump-after-found-liable/story?id=107964612. Defendants deny each and every remaining allegation in Paragraph 1.

2. Paragraph 2 contains legal conclusions that require no response. To the extent any response is required, Defendants admit that Mr. Stephanopoulos made the statements at issue in this case within the scope of his employment by ABC. Defendants deny each and every remaining allegation in Paragraph 2.

3. Defendant ABC and Stephanopoulos admit the allegations in Paragraph 3, except for the allegations that any statements were false and defamatory, which Defendants deny. Defendant ABC News denies the allegations in Paragraph 3 with respect to it. *See also* Response to ¶ 7.

4. Defendants deny each and every allegation in Paragraph 4.

## **THE PARTIES**

5. Defendants admit that Plaintiff is a citizen of the United States, a Florida resident, and was the 45th President of the United States. Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 5 and, on that basis, Defendants deny each and every remaining allegation in Paragraph 5.

6. Defendants admit that ABC is a Delaware corporation and that it broadcasts a number of television shows, including *This Week with George Stephanopoulos*. Defendants also admit that the article at the URL in Paragraph 6 was published on abcnews.com. Defendants deny each and every remaining allegation in Paragraph 6.

7. Defendants admit that ABC News is a Delaware corporation with its principal place of business in New York, New York. Defendants deny each and every remaining allegation in Paragraph 7. Defendants further state that ABC News, Inc. is not involved in the publication of news and is improperly named in the Complaint. None of the responses in this Answer should be construed to imply otherwise.

8.      Defendants admit that Mr. Stephanopoulos is over eighteen years of age and a resident of New York, New York and that ABC promotes Mr. Stephanopoulos as a credible source of information. Defendants deny each and every remaining allegation in Paragraph 8.

## RESPONSE TO JURISDICTION AND VENUE

9.      Paragraph 9 contains legal conclusions to which no response is required. To the extent a response is required, Defendants do not contest that this Court has subject-matter jurisdiction.

10.     Paragraph 10 contains legal conclusions that require no response. To the extent a response is required, Defendants for purposes of this case only do not dispute that the Court possesses personal jurisdiction over them.

11.     Paragraph 11 contains legal conclusions that require no response. To the extent a response is required, Defendants for purposes of this case only do not dispute that the Court possess personal jurisdiction over them. Defendants deny any assertion that Defendants committed any tortious act or omission or caused injury to Plaintiff.

12.     Paragraph 12 contains legal conclusions that require no response. To the extent a response is required, Defendants admit only that venue is proper in the Southern District of Florida but otherwise deny the allegations contained in this Paragraph, including denying that Defendants published any false and defamatory statements.

## RESPONSE TO STATEMENT OF FACTS

*The E. Jean Carroll Litigation Matters*

13.     Defendants admit the allegations in Paragraph 13.

14.     Defendants admit the allegations in Paragraph 14.

15.     Defendants admit that Carroll's cause of action concerned actions that took place at Bergdorf Goodman in New York. Defendants deny each and every remaining allegation in Paragraph 15.

16.     Defendants deny each and every allegation in Paragraph 16.

17.     Paragraph 17 purports to describe allegations in the *Carroll I* Complaint. Defendants deny each and every allegation in Paragraph 17 and respectfully refer the Court to that complaint for an accurate description of its contents.

18.     Paragraph 18 purports to describe allegations in the *Carroll I* Complaint. Defendants deny each and every allegation in Paragraph 18 and respectfully refer the Court to that complaint for an accurate description of its contents.

19.     Paragraph 19 purports to describe allegations in the *Carroll I* Complaint. Defendants admit that the *Carroll I* Complaint alleges that Carroll published a book in 2019. Defendants deny each and every remaining allegation in Paragraph 19 and respectfully refer the Court to the complaint for an accurate description of its contents.

20.     Defendants admit the allegations in Paragraph 20.

21.     Defendants admit the allegations in Paragraph 21.

22.     Paragraph 22 purports to describe the *Carroll II* Complaint. Defendants admit the *Carroll II* Complaint brought a claim for battery that was not asserted in *Carroll I*. Defendants deny each and every remaining allegation in Paragraph 22 and respectfully refer the Court to the *Carroll II* Complaint for its contents.

23.     Defendants admit the allegations in Paragraph 23.

24.     Paragraph 24 purports to describe the *Carroll II* Complaint. Defendants admit that complaint related to an October 12, 2022 publication by Plaintiff. Defendants deny each and every

remaining allegation in Paragraph 24 and respectively refer the Court to the *Carroll II* Complaint for its contents.

    25.    Defendants admit the allegations in Paragraph 25.

    26.    Defendants admit the allegations in Paragraph 26.

    27.    Defendants deny each and every allegation in Paragraph 27.

    28.    Defendants deny each and every allegation of Paragraph 28.

    29.    Defendants admit that the jury found for Carroll on the battery and defamation claims and that the judgment is currently the subject of the cited appeal. Defendants deny each and every remaining allegation in Paragraph 29.

    30.    Defendants admit that Carroll sought to amend her complaint and admit the allegations in Footnote 1. Defendants lack sufficient knowledge to ascertain the truth or falsity of the remaining allegations in Paragraph 30, and on that basis deny them.

    31.    Paragraph 31 purports to describe Carroll's First Amended Complaint in *Carroll II*. Defendants deny each and every allegation in Paragraph 31 and respectfully refer the court to that document for its content.

    32.    Defendants admit the allegations in Paragraph 32.

    33.    Defendants admit the allegations in Paragraph 33.

    34.    Defendants deny that the "verdict" is solely the issue of the appeal, and otherwise admit the allegations of Paragraph 34.

    35.    Defendants deny the allegations in Paragraph 35.

    36.    Defendants deny the allegations in Paragraph 36.

### *The George Stephanopoulos Interview*

    37.    Defendants admit the allegations in Paragraph 37.

38. Defendants admit the allegations in Paragraph 38.

39. Paragraph 39 purports to characterize statements made by Mr. Stephanopoulos during the Segment. Defendants deny each and every allegation in Paragraph 39 and respectfully refer this Court to the Segment for its contents.

40. Defendants deny each and every allegation in Paragraph 40.

41. Paragraph 41 purports to characterize statements made during the interview. Defendants deny each and every allegation in Paragraph 41 and respectfully refer this Court to the Segment for its contents.

42. Defendants admit that Mr. Stephanopoulos made the statements quoted in Paragraph 42 and respectfully refer the Court to the full Segment to understand the context of the statements. Defendants deny each and every remaining allegation in Paragraph 42.

43. Defendants deny each and every allegation in Paragraph 43.

44. Defendants deny each and every allegation in Paragraph 44.

45. Defendants admit that Mr. Stephanopoulos was aware of the juries' verdicts. Defendants deny each and every remaining allegation in Paragraph 45.

46. Paragraph 46 purports to characterize statements made by Mr. Stephanopoulos during the February 4, 2024 airing of *This Week* available at https://abcnews.go.com/ThisWeek/video/jean-carroll-ruling-trump-off-ballot-jd-vance-106933004 ("Feb. 4 Segment"). Defendants admit that Mr. Stephanopoulos spoke those words and respectfully refer the Court to the full Feb. 4 Segment to understand the context of the statements. Defendants deny each and every remaining allegation in Paragraph 46.

47. Defendants admit the allegations in Paragraph 47.

48. Defendants admit that the banner quoted in Paragraph 48 appeared on the screen during the interview and that the words quoted were spoken in the interview clip.

49. Defendants admit that Mr. Stephanopoulos spoke the words quoted during the interview, among others. Defendants deny each and every remaining allegation in Paragraph 49.

50. Defendants deny each and every allegation in Paragraph 50.

51. Defendants deny each and every allegation in Paragraph 51.

52. Defendants admit that Plaintiff's representatives contacted Defendants after the Segment aired to demand a retraction and an apology. Defendants deny each and every remaining allegation in Paragraph 52.

53. Defendants admit that they did not issue a retraction or apology or direct or request Mr. Stephanopoulos to do so. Defendants deny each and every remaining allegation in Paragraph 53.

54. Defendants admit that the headline was changed from "Nancy Mace defends her support for Trump after he was found liable for rape" to "Nancy Mace defends her support for Trump after he was found liable for sexual assault." Defendants deny each and every remaining allegation in Paragraph 54.

55. Defendants deny each and every allegation in Paragraph 55.

56. Defendants deny each and every allegation in Paragraph 56.

### The Aftermath of the George Stephanopoulos Interview

57. Defendants deny each and every allegation in Paragraph 57.

58. Defendants lack sufficient knowledge to ascertain the truth or falsity of the allegations in Paragraph 58, and on that basis deny them.

59. Defendants deny each and every allegation in Paragraph 59.

60. Defendants lack sufficient knowledge to ascertain the truth or falsity of the allegations in Paragraph 60, and on that basis deny them.

61. Defendants lack sufficient knowledge to ascertain the truth or falsity of the allegations in Paragraph 61, and on that basis deny them.

62. Defendants lack sufficient knowledge to ascertain the truth or falsity of the allegations in Paragraph 62, and on that basis deny them.

63. Defendants lack sufficient knowledge to ascertain the truth or falsity of the allegations in Paragraph 63, and on that basis deny them.

64. Defendants lack sufficient knowledge to ascertain the truth or falsity of the allegations in Paragraph 64, and on that basis deny them.

65. Defendants deny each and every allegation in Paragraph 65.

66. Defendants admit the allegations in Paragraph 66.

67. Defendants deny each and every allegation in Paragraph 67, and respectfully refer the Court to the article for its contents.

68. Defendants deny each and every allegation in Paragraph 68, and respectfully refer the Court to the article for its contents.

69. Defendants admit that MSNBC replayed a portion of the Segment on the referenced *Morning Joe* program. Defendants deny each and every remaining allegation in Paragraph 69.

70. Defendants admit that Daily KOS published the cited story and that it contains the words quoted in Paragraph 70 and respectfully refer the Court to the full article to understand the context of the words. Except as so referred, Defendants deny each and every remaining allegation in Paragraph 70.

71. Defendants lack sufficient knowledge to ascertain the truth or falsity of the allegations in Paragraph 71 regarding whether Shannon Watts posted the referenced message on X, and on that basis deny them. Defendants deny each and every remaining allegation in Paragraph 71.

72. Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 72 and, on that basis deny them.

73. Defendants deny each and every allegation in Paragraph 73.

74. Defendants deny each and every allegation contained in Paragraph 74.

75. Paragraph 75 contains legal conclusions that require no response. To the extent any response is required, Defendants deny each and every allegation in Paragraph 75.

76. Defendants deny each and every allegation in Paragraph 76.

## RESPONSE TO CAUSES OF ACTION

## COUNT I - DEFAMATION PER SE

77. Defendants adopt and incorporate their responses to Paragraphs 1 through 76 of the Complaint as if fully set forth herein.

78. Defendants deny each and every allegation in Paragraph 78.

79. Defendants deny each and every allegation in Paragraph 79.

80. Defendants deny each and every allegation in Paragraph 80.

81. Defendants deny each and every allegation in Paragraph 81.

82. Defendants deny each and every allegation in Paragraph 82.

83. Defendants deny each and every allegation in Paragraph 83.

84. Defendants deny each and every allegation in Paragraph 84.

85. Defendants deny each and every allegation in Paragraph 85.

86. Defendants deny each and every allegation in Paragraph 86.

87. Defendants deny each and every allegation in Paragraph 87.

88. Defendants deny each and every allegation in Paragraph 88 and the subsequent *ad damnum* clause.

## COUNT II - DEFAMATION PER QUOD

89. Defendants adopt and incorporate their responses to Paragraphs 1 through 76 of the Complaint as if fully set forth herein.

90. Defendants deny each and every allegation in Paragraph 90.

91. Defendants deny each and every allegation in Paragraph 91.

92. Defendants deny each and every allegation in Paragraph 92.

93. Defendants deny each and every allegation in Paragraph 93.

94. Defendants deny each and every allegation in Paragraph 94.

95. Defendants deny each and every allegation in Paragraph 95.

96. Defendants deny each and every allegation in Paragraph 96.

97. Defendants deny each and every allegation in Paragraph 97 and the subsequent *ad damnum* clause.

## DEMAND FOR JURY TRIAL

Defendants demand a jury trial on all issues so triable.

## DEFENSES AND AFFIRMATIVE DEFENSES

Further responding to the Complaint, Defendants assert the following defenses. Defendants do not admit to having the burden of proof and/or the burden of persuasion with respect to any of these defenses. By designating the following as defenses, Defendants do not in any way waive or limit any arguments or defenses that are or may be raised by their denials, allegations, and averments set forth herein. These defenses are pleaded in the alternative, are

raised to preserve Defendants' right to assert such defenses and are raised without prejudice to Defendants' ability to raise other and further defenses. Defendants reserve the right to amend, supplement and/or otherwise modify this Answer, including without limitation the right to assert additional defenses that become known to Defendants through discovery or otherwise.

1. The Complaint fails to state a cause of action upon which relief can be granted, for each of the reasons set forth in the defenses stated in this answer and defenses and Defendants' Motion to Dismiss.

2. Plaintiff's causes of action are barred by the doctrine of collateral estoppel.

3. Plaintiff's causes of action are barred, in whole or in part, because the statements and/or publication about which Plaintiff complains are privileged and protected by the First Amendment to the United States Constitution.

4. Plaintiff's causes of action are barred by applicable state law, including the fair report/official action privilege, fair comment privilege and neutral report privilege under Florida common law, and/or Section 74 of the Civil Rights Law under New York law.

5. Plaintiff's causes of action are barred, in whole or in part, because the statements and/or publication about which Plaintiff complains, when considered in their entirety as required by applicable law, are not materially false, and indeed are substantially true.

6. Plaintiff is a public figure and cannot meet his burden to establish actual malice by clear and convincing evidence.

7. Plaintiff's causes of action are barred, in whole or in part, by his failure to mitigate and/or prevent the damages about which he complains, and any recovery should be reduced in direct proportion to such failure.

8. If found liable to Plaintiff, which Defendants deny, Defendants are entitled to a set off against damages caused either by persons other than Defendants or on occasions other than that described in the Complaint.

9. Any alleged damages were caused by independent causes.

10. Plaintiff's causes of action are barred because the statements about which Plaintiff complains did not cause him to suffer actual injuries and/or damages for which Defendants are liable, and any damages suffered were mitigated.

11. Plaintiff is not entitled to punitive damages because the statements about which Plaintiff complains were not made with common law malice and actual malice, and the Defendants did not commit any outrageous conduct that was malicious, wanton, reckless, or in willful disregard of Plaintiff's rights.

12. Plaintiff's damages are speculative and uncertain and, therefore, are not recoverable.

13. The statements about which Plaintiff complains were not the cause of the damages alleged because they did not directly and in a natural and continuous sequence produce or contribute substantially to producing any alleged damages.

Defendants reserve the right to assert additional affirmative defenses as they may become apparent or available.

Dated: August 7, 2024

Respectfully Submitted,

| DAVIS WRIGHT TREMAINE LLP | SHULLMAN FUGATE PLLC |
|---|---|
| */s/ Nathan Siegel* | */s/ Rachel E. Fugate* |
| Nathan Siegel (*pro hac vice*) | Rachel E. Fugate (Florida Bar No. 144029) |
| 1301 K Street NW, Suite 500 | rfugate@shullmanfugate.com |
| Washington, DC 20005 | Minch Minchin (Florida Bar No. 1015950) |

Phone: 202-973-4237  
Email: nathansiegel@dwt.com

Elizabeth A. McNamara (*pro hac vice*)  
1251 Avenue of the Americas, 21st Floor  
New York, NY 10020  
Phone: (212) 489-8230  
Email: lizmcnamara@dwt.com

mminchin@shullmanfugate.com  
2101 Vista Parkway Suite 4006  
West Palm Beach, Florida 33411  
(813) 935-5098

*Attorneys for Defendants American Broadcasting Companies, Inc., ABC News, Inc., and George Stephanopoulos*