UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-21050-CIV-ALTONAGA/Reid

**PRESIDENT DONALD J. TRUMP**,

    Plaintiff,
v.

**AMERICAN BROADCASTING COMPANIES, INC.**; *et al.*,

    Defendants.
_____/

**ORDER**

**THIS CAUSE** came before the Court on the parties' Joint Motion for an Extension of Time for Discovery and Trial Deadlines [ECF No. 39], filed on November 12, 2024. For the following reasons, the Motion is denied.

The April 9, 2024 Scheduling Order [ECF No. 19] set a November 12, 2024 deadline for exchanging expert reports, with rebuttals due November 25, 2024; a December 9, 2024 deadline to complete discovery; a December 16, 2024 deadline to file a mediation report; a December 24, 2024 deadline for pretrial motions, including *Daubert* motions; and a January 21, 2025 deadline to submit a pretrial stipulation, proposed jury instructions and verdict form, and any motions *in limine*. (*See id.* 1–2).[1] Trial was scheduled for the following year, on April 7, 2025 (*see id.* 1); and the parties anticipated trial will take three to five days (*see* Joint Scheduling Report ("JSR") [ECF No. 18] 3). Despite this generous timetable — including eight months for discovery — the parties now seek a multi-month extension of each of the Scheduling Order's remaining deadlines and propose pushing the trial back from April to June 9, 2025. (*See* Mot. 1–2).

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." *Id.*  This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the parties seeking the extension. *See Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008) ("We have recognized that Rule 16[]'s good cause standard precludes modification of the scheduling order unless the schedule cannot be met despite the diligence of the party seeking the extension." (alteration adopted; other alteration added; citations and quotation marks omitted)).

The parties offer three reasons for the requested extensions, but none rises to the level of good cause; in combination, the reasons fare no better.[2]  (*See* Mot. 2–3).  First, Defendants, American Broadcasting Companies, ABC News, Inc., and George Stephanopoulos's lead counsel, Nathan Siegel, states that he would like to travel to Israel from April 5, 2025 to April 23, 2025 — a period that includes Passover (April 12–20, 2025).  (*See id.* 2; *see also id.*, Ex. 1, Decl. of Nathan Siegel ("Siegel Decl.") [ECF No. 39-1] 1–2).  Mr. Siegel's proposed trip would interfere with the April 7 trial schedule.  (*See* Mot. 1).  But with the April 7, 2025 trial expected to last from three to five days, Mr. Siegel can still travel to Israel for Passover, as he wishes; and add additional time after Passover to be in Israel for the requested 18 days.  (*See* JSR 3; *see generally* Siegel Decl.).  Consequently, Mr. Siegel's suggested travel dates do not constitute good cause for the requested two-month continuance.

The parties' second reason similarly fails to persuade.  Defendants' counsel, Elizabeth McNamara, reports a scheduling conflict because of "another trial[,] set for April 22, 2025, in the Southern District of Georgia, that is expected to last approximately three weeks[;]" which she believes would impede her ability to prepare for the earlier trial in this case.  (Mot. 2 (alteration

---

[2] Remarkably, the parties make no mention of Rule 16(b) at all.  (*See generally* Mot.).

2

added; citation omitted); *see also id.*, Ex. 2, Decl. of Elizabeth A. McNamara [ECF No. 39-2] 1). The Motion and Ms. McNamara's affidavit are conspicuously silent on the date the Georgia case was set for trial in relation to the Scheduling Order entered in this case. A review of the docket in the Georgia case reveals that the trial in that case was scheduled several months *after* the trial date in this case was set. *See Amin v. NBCUniversal Media, LLC*, No. 21-cv-00056, Order [ECF No. 217] filed July 16, 2024 (S.D. Ga. 2024).

This purported conflict is not only no conflict at all given that Ms. McNamara can prepare for and participate in the two trials, which are set on different dates. In any event, if any trial date should be continued, it is the later-set trial, not the earlier-set trial. *See, e.g.*, *Vigil v. Colo. Dep't of Corr.*, No. 09-cv-1676, Order Denying Motion to Vacate and Reset Trial Setting [ECF No. 110] filed May 14, 2012 (D. Colo. 2012) (declining to find good cause for a continuance due to an attorney's entirely avoidable conflict with another trial, noting that counsel was "presumably . . . aware of the conflict" before agreeing to the trial date in the present case (alteration added)).

Finally, the parties raise "the unique challenges presented by conducting discovery during the course of a Presidential campaign, in a case which includes both a candidate and a major news organization covering the campaign[.]" (Mot. 3 (alteration added)). The unique challenges are not so obvious. In any event, the Court, has already granted a lengthy discovery period in light of these considerations (*see, e.g.*, Scheduling Order 2, n.1); and, with Election Day now behind us, there is no reason for any further delay.

Because the parties have failed to demonstrate good cause for the requested extensions, it is

**ORDERED AND ADJUDGED** that the parties' Joint Motion for an Extension of Time

3

CASE NO. 24-21050-CIV-ALTONAGA/Reid

for Discovery and Trial Deadlines **[ECF No. 39]** is **DENIED**.[3]

**DONE AND ORDERED** in Miami, Florida, this 14th day of November, 2024.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:   counsel of record

---

[3] As the Scheduling Order indicates, the parties remain free to extend the discovery deadline by agreement. (*See* Scheduling Order 2 n.1).